IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEXTER BROWN,

        Plaintiff,                  No. 2:12-cv-0934 KJN P

    vs.

EDMUND G. BROWN, et al.,        ORDER and

        Defendants.           FINDINGS & RECOMMENDATIONS

_____/

I. Introduction

      Plaintiff is a state prisoner, presently housed at the California Medical Facility ("CMF"), proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

      Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison

1

trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II. Screening

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

1  (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more
2  than "a formulaic recitation of the elements of a cause of action;" it must contain factual
3  allegations sufficient "to raise a right to relief above the speculative level."  Id.  However,
4  "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair
5  notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551
6  U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal
7  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept
8  as true the allegations of the complaint in question,  id., and construe the pleading in the light
9  most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other
10  grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff raises three claims which the court will address in reverse order.

### A.  Third Claim

In his third claim, plaintiff alleges that he sent multiple letters to defendant Governor Brown concerning the large number of "potlucks and/or purely social functions" held on CMF grounds by CDCR medical and custodial staff.  Plaintiff claims that these functions imperil prisoner safety as many officers abandoned their posts to attend, leaving prisoners unsupervised and subject to injury from prisoner assaults or the inability to summon emergency assistance.  Plaintiff seeks an order directing the Warden of CMF to ensure that "the unlawful parties, potlucks and other distractions to "on the clock" state employees are no longer conducted at CMF." (Dkt. No. 1 at 14.)

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

3

Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where there is no evidence of personal participation). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Plaintiff's third claim is so vague and conclusory that the court cannot determine whether plaintiff states a colorable claim for relief. See Samonte v. Bauman, 264 Fed. Appx. 634, 636 (9th Cir. 2008) (plaintiff failed to state a claim for deliberate indifference against governor where the only allegation in the complaint was that plaintiff wrote letters to the governor complaining about his prison medical care but received no reply). Merely informing a supervisory official by letter of alleged unconstitutional acts after the fact is insufficient to establish that official's personal responsibility.

////

Finally, it is clear from the face of the complaint that plaintiff failed to exhaust his administrative remedies as to his second and third claims, pled as to defendant Brown only, because plaintiff states, "Claim II and Claim III have no exhaustion requirement. They name only Gov. Edward G. Brown as a defendant. The governor's conduct is outside the purview of the inmate appeals process." (Dkt. No. 1 at 2.) Plaintiff is mistaken.

The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A final decision from the Director's level of review satisfies the exhaustion requirement. Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). The exhaustion requirement under § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 525 (2002). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). Similarly, exhaustion is a prerequisite to all prisoner suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532.

Even construing plaintiff's statement concerning the governor as a claim that requiring exhaustion is futile because the governor is not employed inside the prison, there may be some form of relief available through the administrative process, particularly where plaintiff challenges staffing issues within CMF. Cf. Booth, 532 U.S. at 741 n.6 (courts should not read futility or other exceptions" into § 1997e(a)). Section 1997e(a) requires prisoners to present their claims to the Director's level of review before raising them in a civil rights action in federal court. Thus, plaintiff may not renew this claim in this action because plaintiff must exhaust his administrative remedies prior to bringing suit in federal court. Porter, 534 U.S. at 525; Booth, 532 U.S. at 741.

5

B. Second Claim

In plaintiff's second claim, plaintiff alleges defendant Governor Brown is the lead defendant in Plata v. Brown, C 01-1351 THE (N.D. Cal.), a class action suit concerning the adequacy of medical care provided throughout the California state prison system. Plaintiff alleges that defendant Brown is attempting to discharge the federal receiver from overseeing the CDCR health care system. (Dkt. No. 1 at 8, 11.) Plaintiff concedes that he is a class action plaintiff in Plata. (Id. at 9.) Plaintiff states he has sent "dozens of written complaints" to the class counsel, Judge Henderson, Governor Brown, and others, "complaining that CDCR medical personnel were violating the terms of the "Plata" settlement." (Dkt. No. 1 at 9, 14.) Plaintiff appends exhibits which he claims supports his contention that Plata settlement reforms have not been implemented. (Dkt. No. 1 at 1-70.)

First, to the extent plaintiff is attempting to stop defendant Brown from pursuing the discharge of the federal receiver, plaintiff is advised that he cannot do so in his own civil rights action. If plaintiff wishes to challenge defendant Brown's actions in this regard, plaintiff must proceed through Plata as that is the case in which the motion was filed. Second, plaintiff alleges defendant Brown is violating the terms of the Plata settlement. Plaintiff must assert such a claim in Plata via a class representative or obtain permission to intervene. See Eberle v. Doe, 2009 WL 4017130, *1 (N.D. Cal. Nov. 18, 2009). Thus, plaintiff's second claim should be dismissed as barred by Plata. The dismissal of this second claim dictates the dismissal of defendant Governor Brown.

Third, as set forth above, plaintiff affirmatively states he failed to exhaust his administrative remedies with regard to his second claim. (Dkt. No. 1 at 2.)

C. First Claim

Plaintiff suffers from chronic kidney disease. In the first claim, plaintiff alleges that "defendants – each one and all of them" serve plaintiff food items with each meal that the defendants know, or should know, that are harmful or possibly lethal to plaintiff's health.

6

Plaintiff contends defendants serve meals known to violate a prescribed renal diet.  Plaintiff claims these meals continue to be served despite various experts' advisements to defendants that the meals are inconsistent with a renal diet or is unsafe for renal patients.

        First, plaintiff fails to identify the individuals named as defendants as to the first claim.  In the introductory section of the complaint, plaintiff names defendant Governor Brown, clearly identified in plaintiff's second and third claims, but not included in the first claim.  Although plaintiff states "see page entitled 'Summary of defendants,'" (dkt. no. 1 at 2), none of the pages provided by plaintiff is identified as such. (Dkt. No. 1, *passim*.)  Plaintiff does not name culpable individuals in the text of the first claim, but merely refers to them as "defendants."  Plaintiff must clearly identify the individuals plaintiff seeks to name as defendants.  Plaintiff is granted leave to amend to identify the defendants.  Plaintiff should use the court's form for filing his amended complaint.  Plaintiff should only name as defendants those individuals who are personally connected or linked to the alleged violation.[1]

        Second, it is unclear what constitutional violation plaintiff contends defendants violated.  If plaintiff is claiming an Eighth Amendment violation based on a theory that defendants were deliberately indifferent to plaintiff's serious medical needs, plaintiff is advised that he must allege facts meeting the following standards.

        To state a section 1983 claim for a constitutional violation based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendant possessed a sufficiently culpable state of mind.  Wilson v. Seiter, 501 U.S. 294, 297-99 (1991); McKinney v. Anderson, 959 F.2d 853, 854 (9th Cir. 1992).  A serious medical need is one that

---

[1] For example, in one of plaintiff's administrative appeals, plaintiff named Ken Forshay as a party, but the reviewing official noted that Ken Forshay is not involved in the Dietary Kitchen Operations. (Dkt. No. 1-2 at 16.)  Thus, Mr. Forshay should not be named as a defendant.

significantly affects an individual's daily activities, an injury or condition a reasonable doctor or patient would find worthy of comment or treatment, or the existence of chronic and substantial pain. See, e.g., McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds by WMX Techs. v. Miller, 104 F.2d 1133, 1136 (9th Cir.1997) (en banc).

Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Id. at 842. A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. Id. Deliberate indifference in the medical context may also be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

However, it is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment. In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004). It is well established that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation.

1   Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Franklin v. Oregon, 662 F.2d 1337, 1344
2   (9th Cir. 1981).

3         Here, it appears from the administrative appeals, and plaintiff's complaint, that the
4   prison employs a nutritionist.[2] While one of plaintiff's claims appears to be that he is offered
5   food too high in phosphorus, the CEO of Health Care Services noted that "the low-sodium lunch
6   meat served to renal patients is made up of less than 2 percent of potassium phosphate," and that
7   plaintiff's lab records for phosphorous during pertinent periods did not exceed levels for
8   individuals on dialysis. (Dkt. No. 1-2 at 17.) Plaintiff is cautioned that mere differences of
9   opinion or medical malpractice claims are insufficient to state a cognizable civil rights claim.

10        The court finds the allegations in plaintiff's first claim so vague and conclusory
11  that it is unable to determine whether the claim is frivolous or fails to state a claim for relief. The
12  court has determined that the first claim does not contain a short and plain statement as required
13  by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a
14  complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones
15  v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must clearly identify the
16  individuals plaintiff names as defendants. Plaintiff must allege with at least some degree of
17  particularity overt acts which defendants engaged in that support plaintiffs claim. Id. Because
18  plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must
19  be dismissed. The court will, however, grant leave to file an amended complaint as to only the
20  first claim.

21        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
22  conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.

---

[2] The diet may also be prescribed by a physician. In Brown v. Hume, Case No. 2:11-cv-3441 EFB P, plaintiff claimed, under penalty of perjury, that Sgt. Hume and John Does 1-10, also employed at CMF, were violating plaintiff's Eighth Amendment rights by forcing him to accept "a special renal diet - prescribed by a contracted physician for the state; to treat plaintiff's chronic kidney failure." (Id., Dkt. No. 1 at 4.) Plaintiff contended he had the right to refuse medical treatment, in this case the renal diet. (Id.)

Rizzo, 423 U.S. at 371.  Also, the complaint must allege in specific terms how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588 F.2d at 743.  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is hereby informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

III.  Request for Injunctive Relief

On March 21, 2012, plaintiff filed a request for injunctive relief.  As discussed above, plaintiff's complaint is dismissed.  Plaintiff's request for injunctive relief is therefore premature because plaintiff failed to state a claim upon which relief can be granted and there are no defendants against whom this court could enter an order.  If plaintiff files an amended complaint that states a cognizable claim, the court will order the United States Marshal to serve the amended complaint upon the named defendant(s).  The court cannot issue an order against individuals who are not parties to a suit pending before it.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 91969); see also Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim:  it may not attempt to determine the rights of persons not before the court.").  Accordingly, plaintiff's request is denied

without prejudice because it is premature.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall address only plaintiff's first claim, and shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

5. Plaintiff's March 21, 2012 request (dkt. no. 2) is denied without prejudice.

IT IS HEREBY RECOMMENDED that plaintiff's second and third claims for relief be dismissed based on plaintiff's failure to exhaust administrative remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

1  specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951

2  F.2d 1153 (9th Cir. 1991).

3  DATED: June 5, 2012

```
                                    _____
                                    KENDALL J. NEWMAN
                                    UNITED STATES MAGISTRATE JUDGE
```

7  brow0934.14

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEXTER BROWN,

    Plaintiff,　　　　　　　　　　　　No. 2:12-cv-0934 KJN P

  vs.

EDMUND G. BROWN, et al.,　　　　　　　NOTICE OF AMENDMENT

    Defendants.

_____/

    Plaintiff hereby submits the following document in compliance with the court's order filed _____:

    _____　　Amended Complaint

DATED:


　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　Plaintiff