1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DEXTER BROWN,

11            Plaintiff,              No. 2:12-cv-0934 KJN P

12       vs.

13   EDMUND G. BROWN, et al.,          ORDER and

14            Defendants.             FINDINGS & RECOMMENDATIONS

15   _____/

16   I.  Introduction

17            Plaintiff is a state prisoner, presently housed at the California Medical Facility

18   ("CMF"), proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and

19   has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding

20   was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

21            Plaintiff has submitted a declaration that makes the showing required by

22   28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

23            Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

24   28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

25   fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court

26   will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison

1

1  trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to

2  make monthly payments of twenty percent of the preceding month's income credited to

3  plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to

4  the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing

5  fee is paid in full.  28 U.S.C. § 1915(b)(2).

6  II.  Screening

7          The court is required to screen complaints brought by prisoners seeking relief

8  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

9  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

10  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

11  granted, or that seek monetary relief from a defendant who is immune from such relief.

12  28 U.S.C. § 1915A(b)(1),(2).

13          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

14  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

15  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

16  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

17  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

18  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

19  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

20  2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably

21  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

22  1227.

23          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

24  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

25  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

26  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

2

1   (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more

2   than "a formulaic recitation of the elements of a cause of action;" it must contain factual

3   allegations sufficient "to raise a right to relief above the speculative level."  Id.  However,

4   "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair

5   notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551

6   U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal

7   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept

8   as true the allegations of the complaint in question,  id., and construe the pleading in the light

9   most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other

10  grounds, Davis v. Scherer, 468 U.S. 183 (1984).

11          Plaintiff raises three claims which the court will address in reverse order.

12          A.  Third Claim

13          In his third claim, plaintiff alleges that he sent multiple letters to defendant

14  Governor Brown concerning the large number of "potlucks and/or purely social functions" held

15  on CMF grounds by CDCR medical and custodial staff.  Plaintiff claims that these functions

16  imperil prisoner safety as many officers abandoned their posts to attend, leaving prisoners

17  unsupervised and subject to injury from prisoner assaults or the inability to summon emergency

18  assistance.  Plaintiff seeks an order directing the Warden of CMF to ensure that "the unlawful

19  parties, potlucks and other distractions to "on the clock" state employees are no longer conducted

20  at CMF."  (Dkt. No. 1 at 14.)

21          The Civil Rights Act under which this action was filed provides as follows:

22          Every person who, under color of [state law] . . . subjects, or causes
            to be subjected, any citizen of the United States . . . to the
23          deprivation of any rights, privileges, or immunities secured by the
            Constitution . . . shall be liable to the party injured in an action at
24          law, suit in equity, or other proper proceeding for redress.

25  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

26  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

3

1   Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend

2   § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976)

3   (no affirmative link between the incidents of police misconduct and the adoption of any plan or

4   policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects'

5   another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an

6   affirmative act, participates in another's affirmative acts or omits to perform an act which he is

7   legally required to do that causes the deprivation of which complaint is made."  Johnson v.

8   Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

9   Moreover, supervisory personnel are generally not liable under § 1983 for the

10  actions of their employees under a theory of respondeat superior and, therefore, when a named

11  defendant holds a supervisorial position, the causal link between him and the claimed

12  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

13  (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v.

14  Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where

15  there is no evidence of personal participation).  Vague and conclusory allegations concerning the

16  involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board

17  of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of

18  personal participation is insufficient).

19  Plaintiff's third claim is so vague and conclusory that the court cannot determine

20  whether plaintiff states a colorable claim for relief.  See Samonte v. Bauman, 264 Fed. Appx.

21  634, 636 (9th Cir. 2008) (plaintiff failed to state a claim for deliberate indifference against

22  governor where the only allegation in the complaint was that plaintiff wrote letters to the

23  governor complaining about his prison medical care but received no reply).  Merely informing a

24  supervisory official by letter of alleged unconstitutional acts after the fact is insufficient to

25  establish that official's personal responsibility.

26  ////

4

1    Finally, it is clear from the face of the complaint that plaintiff failed to exhaust his

2    administrative remedies as to his second and third claims, pled as to defendant Brown only,

3    because plaintiff states, "Claim II and Claim III have no exhaustion requirement.  They name

4    only Gov. Edward G. Brown as a defendant.  The governor's conduct is outside the purview of

5    the inmate appeals process."  (Dkt. No. 1 at 2.)  Plaintiff is mistaken.

6    The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide

7    that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or

8    any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility

9    until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  A

10   final decision from the Director's level of review satisfies the exhaustion requirement.  Barry v.

11   Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997).  The exhaustion requirement under §

12   1997e(a) is mandatory.  Porter v. Nussle, 534 U.S. 516, 525 (2002).  Even when the prisoner

13   seeks relief not available in grievance proceedings, notably money damages, exhaustion is a

14   prerequisite to suit.  Id.; Booth v. Churner, 532 U.S. 731, 741 (2001).  Similarly, exhaustion is a

15   prerequisite to all prisoner suits about prison life, whether they involve general circumstances or

16   particular episodes, and whether they allege excessive force or some other wrong.  Porter, 534

17   U.S. at 532.

18   Even construing plaintiff's statement concerning the governor as a claim that

19   requiring exhaustion is futile because the governor is not employed inside the prison, there may

20   be some form of relief available through the administrative process, particularly where plaintiff

21   challenges staffing issues within CMF.  Cf. Booth, 532 U.S. at 741 n.6 (courts should not read

22   futility or other exceptions" into § 1997e(a)).  Section 1997e(a) requires prisoners to present their

23   claims to the Director's level of review before raising them in a civil rights action in federal

24   court.  Thus, plaintiff may not renew this claim in this action because plaintiff must exhaust his

25   administrative remedies prior to bringing suit in federal court.  Porter, 534 U.S. at 525; Booth,

26   532 U.S. at 741.

B.  Second Claim

In plaintiff's second claim, plaintiff alleges defendant Governor Brown is the lead defendant in Plata v. Brown, C 01-1351 THE (N.D. Cal.), a class action suit concerning the adequacy of medical care provided throughout the California state prison system.  Plaintiff alleges that defendant Brown is attempting to discharge the federal receiver from overseeing the CDCR health care system.  (Dkt. No. 1 at 8, 11.)  Plaintiff concedes that he is a class action plaintiff in Plata.  (Id. at 9.)  Plaintiff states he has sent "dozens of written complaints" to the class counsel, Judge Henderson, Governor Brown, and others, "complaining that CDCR medical personnel were violating the terms of the "Plata" settlement."  (Dkt. No. 1 at 9, 14.)  Plaintiff appends exhibits which he claims supports his contention that Plata settlement reforms have not been implemented.  (Dkt. No. 1 at 1-70.)

First, to the extent plaintiff is attempting to stop defendant Brown from pursuing the discharge of the federal receiver, plaintiff is advised that he cannot do so in his own civil rights action.  If plaintiff wishes to challenge defendant Brown's actions in this regard, plaintiff must proceed through Plata as that is the case in which the motion was filed.  Second, plaintiff alleges defendant Brown is violating the terms of the Plata settlement.  Plaintiff must assert such a claim in Plata via a class representative or obtain permission to intervene.  See Eberle v. Doe, 2009 WL 4017130, *1 (N.D. Cal. Nov. 18, 2009).  Thus, plaintiff's second claim should be dismissed as barred by Plata.  The dismissal of this second claim dictates the dismissal of defendant Governor Brown.

Third, as set forth above, plaintiff affirmatively states he failed to exhaust his administrative remedies with regard to his second claim.  (Dkt. No. 1 at 2.)

C.  First Claim

Plaintiff suffers from chronic kidney disease.  In the first claim, plaintiff alleges that "defendants – each one and all of them" serve plaintiff food items with each meal that the defendants know, or should know, that are harmful or possibly lethal to plaintiff's health.

1 Plaintiff contends defendants serve meals known to violate a prescribed renal diet.  Plaintiff

2 claims these meals continue to be served despite various experts' advisements to defendants that

3 the meals are inconsistent with a renal diet or is unsafe for renal patients.

4 First, plaintiff fails to identify the individuals named as defendants as to the first

5 claim.  In the introductory section of the complaint, plaintiff names defendant Governor Brown,

6 clearly identified in plaintiff's second and third claims, but not included in the first claim.

7 Although plaintiff states "see page entitled 'Summary of defendants,'" (dkt. no. 1 at 2), none of

8 the pages provided by plaintiff is identified as such.  (Dkt. No. 1, *passim*.)  Plaintiff does not

9 name culpable individuals in the text of the first claim, but merely refers to them as "defendants."

10 Plaintiff must clearly identify the individuals plaintiff seeks to name as defendants.  Plaintiff is

11 granted leave to amend to identify the defendants.  Plaintiff should use the court's form for filing

12 his amended complaint.  Plaintiff should only name as defendants those individuals who are

13 personally connected or linked to the alleged violation.[1]

14 Second, it is unclear what constitutional violation plaintiff contends defendants

15 violated.  If plaintiff is claiming an Eighth Amendment violation based on a theory that

16 defendants were deliberately indifferent to plaintiff's serious medical needs, plaintiff is advised

17 that he must allege facts meeting the following standards.

18 To state a section 1983 claim for a constitutional violation based on inadequate

19 medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate

20 indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  To prevail,

21 plaintiff must show both that his medical needs were objectively serious, and that defendant

22 possessed a sufficiently culpable state of mind.  Wilson v. Seiter, 501 U.S. 294, 297-99 (1991);

23 McKinney v. Anderson, 959 F.2d 853, 854 (9th Cir. 1992).  A serious medical need is one that

24

25 [1]  For example, in one of plaintiff's administrative appeals, plaintiff named Ken Forshay as a party, but the reviewing official noted that Ken Forshay is not involved in the Dietary Kitchen Operations.  (Dkt. No. 1-2 at 16.)  Thus, Mr. Forshay should not be named as a

26 defendant.

significantly affects an individual's daily activities, an injury or condition a reasonable doctor or patient would find worthy of comment or treatment, or the existence of chronic and substantial pain.  See, e.g., McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds by WMX Techs. v. Miller, 104 F.2d 1133, 1136 (9th Cir.1997) (en banc).

Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided.  Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988).  To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  Id. at 847.  "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm."  Id. at 842.  A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights.  Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989).  A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case.  Id.  Deliberate indifference in the medical context may also be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need.  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

However, it is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment.  In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).  It is well established that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation.

1  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Franklin v. Oregon, 662 F.2d 1337, 1344

2  (9th Cir. 1981).

3         Here, it appears from the administrative appeals, and plaintiff's complaint, that the

4  prison employs a nutritionist.[2]  While one of plaintiff's claims appears to be that he is offered

5  food too high in phosphorus, the CEO of Health Care Services noted that "the low-sodium lunch

6  meat served to renal patients is made up of less than 2 percent of potassium phosphate," and that

7  plaintiff's lab records for phosphorous during pertinent periods did not exceed levels for

8  individuals on dialysis.  (Dkt. No. 1-2 at 17.)  Plaintiff is cautioned that mere differences of

9  opinion or medical malpractice claims are insufficient to state a cognizable civil rights claim.

10         The court finds the allegations in plaintiff's first claim so vague and conclusory

11  that it is unable to determine whether the claim is frivolous or fails to state a claim for relief.  The

12  court has determined that the first claim does not contain a short and plain statement as required

13  by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a

14  complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones

15  v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must clearly identify the

16  individuals plaintiff names as defendants.  Plaintiff must allege with at least some degree of

17  particularity overt acts which defendants engaged in that support plaintiffs claim.  Id.  Because

18  plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must

19  be dismissed.  The court will, however, grant leave to file an amended complaint as to only the

20  first claim.

21         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

22  conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.

23

24         [2]  The diet may also be prescribed by a physician.  In Brown v. Hume, Case No. 2:11-cv-
    3441 EFB P, plaintiff claimed, under penalty of perjury, that Sgt. Hume and John Does 1-10, also
25  employed at CMF, were violating plaintiff's Eighth Amendment rights by forcing him to accept
    "a special renal diet - prescribed by a contracted physician for the state; to treat plaintiff's chronic
26  kidney failure."  (Id., Dkt. No. 1 at 4.)  Plaintiff contended he had the right to refuse medical
    treatment, in this case the renal diet.  (Id.)

1   <u>Rizzo</u>, 423 U.S. at 371.  Also, the complaint must allege in specific terms how each named

2   defendant is involved.  <u>Id.</u>  There can be no liability under 42 U.S.C. § 1983 unless there is some

3   affirmative link or connection between a defendant's actions and the claimed deprivation.  <u>Id.</u>;

4   <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson</u>, 588 F.2d at 743.  Furthermore,

5   vague and conclusory allegations of official participation in civil rights violations are not

6   sufficient.  <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

7          In addition, plaintiff is hereby informed that the court cannot refer to a prior

8   pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that

9   an amended complaint be complete in itself without reference to any prior pleading.  This

10  requirement exists because, as a general rule, an amended complaint supersedes the original

11  complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

12  complaint, the original pleading no longer serves any function in the case.  Therefore, in an

13  amended complaint, as in an original complaint, each claim and the involvement of each

14  defendant must be sufficiently alleged.

15  III.  <u>Request for Injunctive Relief</u>

16          On March 21, 2012, plaintiff filed a request for injunctive relief.  As discussed

17  above, plaintiff's complaint is dismissed.  Plaintiff's request for injunctive relief is therefore

18  premature because plaintiff failed to state a claim upon which relief can be granted and there are

19  no defendants against whom this court could enter an order.  If plaintiff files an amended

20  complaint that states a cognizable claim, the court will order the United States Marshal to serve

21  the amended complaint upon the named defendant(s).  The court cannot issue an order against

22  individuals who are not parties to a suit pending before it.  <u>See</u> <u>Zenith Radio Corp. v. Hazeltine</u>

23  <u>Research, Inc.</u>, 395 U.S. 100, 112 91969); <u>see</u> <u>also</u> <u>Zepeda v. United States Immigration Service</u>,

24  753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal

25  jurisdiction over the parties and subject matter jurisdiction over the claim:  it may not attempt to

26  determine the rights of persons not before the court.").  Accordingly, plaintiff's request is denied

1    without prejudice because it is premature.

2              In accordance with the above, IT IS HEREBY ORDERED that:

3              1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

4              2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

5    Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

6    § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

7    Director of the California Department of Corrections and Rehabilitation filed concurrently

8    herewith.

9              3.  Plaintiff's complaint is dismissed.

10             4.  Within thirty days from the date of this order, plaintiff shall complete the

11   attached Notice of Amendment and submit the following documents to the court:

12                  a.  The completed Notice of Amendment; and

13                  b.  An original and one copy of the Amended Complaint.

14   Plaintiff's amended complaint shall address only plaintiff's first claim, and shall comply with the

15   requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules

16   of Practice.  The amended complaint must also bear the docket number assigned to this case and

17   must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance

18   with this order may result in the dismissal of this action.

19             5.  Plaintiff's March 21, 2012 request (dkt. no. 2) is denied without prejudice.

20             IT IS HEREBY RECOMMENDED that plaintiff's second and third claims for

21   relief be dismissed based on plaintiff's failure to exhaust administrative remedies.

22             These findings and recommendations are submitted to the United States District

23   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

24   days after being served with these findings and recommendations, plaintiff may file written

25   objections with the court.  The document should be captioned "Objections to Magistrate Judge's

26   Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

1  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

2  F.2d 1153 (9th Cir. 1991).

3  DATED:  June 5, 2012

4

5  _____

6  KENDALL J. NEWMAN
   UNITED STATES MAGISTRATE JUDGE

7  brow0934.14

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10    DEXTER BROWN,

11            Plaintiff,                          No. 2:12-cv-0934 KJN P

12        vs.

13    EDMUND G. BROWN, et al.,                    NOTICE OF AMENDMENT

14            Defendants.

15    _____/

16            Plaintiff hereby submits the following document in compliance with the court's

17    order filed _____:

18            _____        Amended Complaint

19    DATED:

20
21                                      _____
22                                      Plaintiff
23
24
25
26