IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEXTER BROWN,

        Plaintiff,               No. 2:12-cv-0934 KJM KJN P

    vs.

EDMUND G. BROWN, et al.,

        Defendants.         <u>ORDER</u>

_____/

        Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On June 6, 2012, the undersigned dismissed plaintiff's complaint with thirty days to file an amended complaint, and recommended that plaintiff's second and third claims be dismissed. Thirty days passed and plaintiff did not respond to the June 6, 2012 order and findings and recommendations. Accordingly, on July 16, 2012, the undersigned recommended that this action be dismissed.

        On July 23, 2012, plaintiff filed a request for appointment of counsel. The caption of this request contains four case numbers, including the instant action.

        District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a

plaintiff.  See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

However, because plaintiff demonstrates an interest in prosecuting this action, he will be granted an extension of time in which to file an amended complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. The July 16, 2012 findings and recommendations (dkt. no. 14) are vacated;

2. Plaintiff's motion for appointment of counsel (Dkt. No. 15) is denied; and

3. Plaintiff is granted thirty days from the date of this order to file an amended complaint.

DATED: September 6, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

brow0934.eot